Good morning, your honors. My name is Tracy Minor, and together with Seth Orkand, we represent the defendant, Appelant, in this case, David Gorski. And may I reserve three minutes for rebuttal, please, your honor? Yes. Thank you. We are here because my client was found guilty at a trial that was fundamentally flawed. The rebuttal closing, in this case, not only went to the precipice of violating his Fifth Amendment rights, it went way over. In the rebuttal closing, which the government admits was pre-scripted, the government made the statement, and it was not just one statement. One statement was particularly egregious, that he can't face the music, that he can't stand in front of you. But, your honors, that was the most egregious. It wasn't some inartful comment. It was an unconstitutional comment on my client's failure to testify. And it was in character with the rest of the rebuttal closing. And you don't have to take my word for that. If you go to the government's brief, page 33, the thrust of the rebuttal, which emphasized that Gorski, not the others whose advice he was attempting to hide behind. This court in Hardy, when the government made the direct statement that the defendant was trying to hide behind the evidence, understood that to mean he was hiding behind it by not testifying. The entire thrust of the rebuttal was my client was hiding behind the lawyers, behind the accountants who took the witness stand. My client exercised his constitutional right not to take the stand that should never have been commented on, let alone argued. Well, part of your client's defense, wasn't it, that it's not my fault, I use these professionals, they're the ones who set everything up, the accountants helped with the money, two different law firms. So isn't that stand behind direct comment on what the defense's actual defense was? You know, we did, our defense was lack of intent because there were accountants and lawyers used. But that goes to the burden shifting. The government had the burden to show that we did not, not that we want you to believe, as they said, in their comment. They have to prove that Mr. Gorski did not have the intent. I understand that, but right now you're addressing not the intent challenge that you're making, you're addressing the prosecutor's comments. So what I'm asking is why isn't that fair commentary on the defense theory of the case? Because it's never fair comment, Your Honor, to comment on the defendant's failure to testify. It's never fair comment to comment on the defendant's implication of a constitutional right. The question is whether it was commenting on the failure to testify or whether it was commenting on the defense you were making. Your Honor. So what's your reason for saying that we have to read it to be a comment on the failure to testify rather than a comment on the weakness of the defense? Because it was focusing not on the evidence. I mean, this Court has said in Flover that you must comment on the evidence. You must focus on the evidence, not on the defendant himself. And to say that's what he wants. He can't face the music. He can't stand in front of you. There's no other explanation other than he was talking about the fact that my client didn't stand in front of the jury and take that witness stand. It's not where he was sitting in the courtroom. It's not what the evidence, fair comment on the evidence. He can't stand in front of you. That's not a comment on evidence, Your Honor. That's a comment on what my client did and didn't do. And that is clear. So the defendant did press an objection without specificity. And the Court recognized that as you're recognizing it and instructed the jury that the defendant didn't have to testify. And there was no further objection to the cautionary instruction that was delivered by the Court. Your Honor, we objected. We made a general objection as Judge Stahler asks us to do at the beginning of the trial. He does not like speaking objections. We made the objection. He gave an instruction. And he allowed the prosecutor to continue on with his. He did give an instruction. I would say that the instruction was weak. I would say that an instruction in and of itself is not enough to cure it. In Hardy there was an instruction as well. In a number of cases there are instructions as well. If in every case all you need is the trial court to say, ah, don't hold it against him. After a rebuttal closing, the most powerful moment of the trial, I mean, this was a very long trial and it was a boring trial. I mean, you don't have to take my word for it. One of the jurors was excused because he fell asleep. One question, he said that the trial was tedious and the judge did not disagree. This was the most dramatic moment in the trial. It was well scripted. It was loudly delivered. And it went right to the heart of my client's constitutional rights. And one little instruction is simply not sufficient. And that's not the law. You can consider the instruction, of course, but you have to consider other factors. Was it egregious? When was it delivered? Was it in the course of like one comment or was it in the course of a series of comments? An instruction by itself, the law is clear, is not sufficient to cure it. Otherwise, in every case they just comment on it and every trial judge would say, hmm, don't pay attention to it. That's not the law. The law protects the defendant's constitutional rights more than that. And here the instruction was insufficient. You're right, Your Honor. The district court understood what that comment was about perfectly clearly. The issue then goes to can the government prove beyond a reasonable doubt on a balanced view of the evidence that that comment did not influence the jury? You can take into account the instruction, but you have to take into account a lot of other things as well. And in this case, Your Honor, when you look at the totality, the government cannot make that showing. The district court is on the record saying, I understood what the prosecutor did to be a comment on his failure to testify? Yes, twice, Your Honor. First, at the time when I made my objection, he immediately, he didn't ask me what the objection was about. He immediately said to the jury, the defendant said you cannot consider the defendant's failure to take the stand. So that's one instance. Then in the- No, but what I'm saying is you could issue a period of instruction in either of two circumstances, I would think. One would be in the circumstance in which it's ambiguous as to whether the comment was a comment on the failure to testify, reminding the jury in the face of that ambiguity that you can't take that into account would be helpful and wise. Alternatively, it could be the prosecutor's understood to have actually not been ambiguous and to have commented on the right to testify. The district court says he just did something wrong. He commented on the right to testify. I'm now going to give a curative instruction.  The second place, Your Honors, is when we argued the motion for a new trial or a judgment of acquittal notwithstanding the facts, that the court, again, said it was an improper comment, but my instruction cured it. Didn't say it was a fair comment on the evidence. Didn't say it was a comment on where my client was sitting in the courtroom. Clearly found what he found at the trial, which is this was a comment on his Fifth Amendment rights. Did the government take a dispute of that or not? The government has always said that it was a comment on where my client was sitting in the courtroom. Not that it was a fair comment on the evidence, but that it was a comment about where he was sitting. And I don't understand how standing in front of you has anything to do with where my client is sitting in a courtroom. You stand in front of a jury when you take that witness stand. Apart from the verdict in the case, we move to the forfeiture issue. The judge issued a forfeiture order of $6.7 million, roughly. More than twice my client's net worth. I submit that that's in violation of the excessive fine clause of the Eighth Amendment because it will deprive my client of his livelihood. He's 55 years old. He's no way is going to be able to earn an additional $3 million. Even if he went to work every day between now and the time he's 70, that requires him to earn over $250,000 a year, which 90% of the people in America without criminal convictions can't do. It also violated the forfeiture statute because it did not take into account the taxes that he paid on that money. And it did not take into account his direct costs, which was, I submit, his salary, what he put into it. He was working at the company. This is a case where it wasn't an illegal enterprise. It was a legal enterprise giving services to our government in an illegal manner, arguably, if you take the jury's verdict. So there is a provision that says, in that case, but since the government got something or because it's a legitimate service, you look at not the gross value, but the gross value minus direct costs. And I would submit that the direct costs in this case are, number one, his salary. He went to work every day. He worked for the government every day. We put in evidence what his salary was. We put in additional evidence as a backdrop, as a secondary argument, and asked him what the fair value was, if they would have had to pay somebody other than him. The district court struggled with whether it was fair or not and said maybe we should give him some benefit, but I don't see a statutory way to do that. And my client paid over $2 million in federal income taxes on the money he earned on his salary and his bonuses. On the salary point, do we just take the receipts of dividends and receipts of salary? Yes, Your Honor. We argued the government moved for forfeiture, let's just say $6 million. We objected to the forfeiture amount and said it should be $857,000 because we admit that with respect to the dividends, the profits, if you will, that he is required to forfeit those. So he, as a sole proprietor, as a guy who was running this operation, he determined how much his salary was and how much he got paid in dividends. He was always the minority shareholder, Your Honor. Well, it seems pretty clear who ran the operation. But yes, he, along with his partner, decided what their salaries were going to be. And that's why, Your Honor, we put on, there was a four-day forfeiture hearing, that's why we put on evidence. So he had just said, I might get prosecuted someday for this and there might be a forfeiture decision, so I'm going to make sure I'm going to raise my salary so that there are no dividends. There would then be no forfeiture under that situation? Your Honor, I believe you have to look at whether the salary was reasonable or not. Okay. And that's where I was going. So what measure do we have here? And whose burden is it to sort of come up with a number for the salaries if we're not going to automatically use the actual salary? We put on evidence at the forfeiture hearing from other people who worked in the company and an accountant who was familiar with construction about what the fair amount of his salary would be. Did the district court take the view that it was irrelevant what the amount of the salary was? Did he make a legal point or a factual point on the salary? The district court struggled with it, Your Honor. He was clearly concerned about the full amount of the forfeiture and that if you include salary, then what do you do with the taxes? He felt it was unfair and had said on the record. Just a simple question. As the record comes to us, what is your understanding of what the district court did with respect to the salary plan? What the district court did is included all of the salary. And why? And he did so because he didn't see this statute as allowing an offset for salary. So that's just a per se point that the district court made with respect to salary? That's how he came out. He didn't say it in those words. Then he went to the taxes issue and said, well, if we're going to take salary into account, maybe we should take taxes into account. But ultimately, he came out as the entire amount. Every dime that my client got in salary, every dime my client got in dividends, every dime my client got from the sale of his stock several years later. I just have one more question. Just on the taxes point, how are taxes incurred in providing the goods or services? They are incurred as a necessary corollary of providing the goods and services. So we should read in providing them as anything that has to be incurred in consequence of providing them? Yes, Your Honor. I would suggest that that statute is for the illegal provision of services, is looking at what the defendant's profits were, not the total proceeds, the profits. I understand the point you made. Texturally, how would you read it as in providing the goods or services, you pay taxes? Is it anything that's necessary to? Yes, Your Honor. In providing the goods and services, you're providing them at a profit. So you look at what the profit is, and the profit should be net of taxes. And I think that the statute envisions that because the statute says the taxes are not included for an entity. So they clearly made a distinction between an entity and an individual. And they said taxes and overhead are not considered for an entity, if it was considered for a person. An entity can be subject to a forfeiture? Pardon? An entity can be subject to a forfeiture? Yes, any defendant can. On your account, why would they treat the entity differently than the individual? Because they always do it in criminal law, Your Honor. In the sentencing guidelines, for example, on the fine table, there's a multiplier for entities and organizations that is not present for an individual. I think there's a distinction because they realize that a defendant, a person, can go to jail in addition to these horrible fines and the forfeitures. Thank you. Your Honors, may it please the Court, Randall Crum on behalf of the government. If I could start with the first issue, which has to do with the closing argument. One clarification I want to make, because the question was asked, the district court did not make any particular finding with respect to what the nature of what it was reacting to, that it saw the comment as necessarily a comment on the failure to testify. That was the instruction the court gave. Obviously, the court viewed it as something that the jury could have heard in that way, but despite the fact that it was argued in the motion for a new trial that that's the characterization it should be given, the court said the statement is what it is and that it wasn't going to focus on the intent of the statement but its effect on the jury and the effect of the curative instruction. And therefore, a lot of the issues that are being argued here are issues that were not resolved below, including in arguments made that this was an intentional planned statement and other statements tried to suggest it was the motivation for making the statement. Those issues were argued to the district court. The court said it did not need to decide them, and there was no request by the defense that it do decide them, that it put a finding on the record as to what it believed the intent was, whether it was written down or not. And therefore, in the government's view, those kind of drop out of the equation here, and what we're really looking at is what was the effect in light of the curative instruction and the weight of the evidence, and I think that we believe the district court was clearly correct to find that an isolated statement, quickly corrected in the face of a very strong government case, was not enough to upset the verdict. That confuses me. If the defendant points out and claims that this was intentional because it was preprinted out or something like that, and the judge then says, well, I don't need to decide whether it was intentional or not. It is what it is, and I gave a curative instruction. Don't we have to assume that it was, that had the court made that fact-finding, it would have decided it was intentional? Well, to the contrary, Your Honor, because the government argued that it wasn't. The government offered the countervailing explanation. But the court put it on it. It didn't make a decision on it. But this court is looking at that. So why does that mean we treat it as if it ruled you away? Well, I say that because when typically this court reviews it in light of the most favorable to the decision of the district court, in reviewing the record, we can see that you generally say that you will uphold it if the record. But we don't think it was silent. If the court had said nothing, we would assume it ruled on the intent issue your way. But when it says, I'm specifically not deciding intent, I don't see why in appeal we would therefore assume that it did decide intent your way. And we haven't, to be honest, I should back up and say we're not assuming for our argument that you do make that assumption. We're not, one of the reasons we focus on the harmless error argument is because the district court did not make that finding. And this court has held that even statements that it did view as intentional in some sense, which is to say that the attorney intended to make the statement they made, whatever its effect might have been, that they can then find them harmless under the same analysis. So we're not assuming that the court needs to find that it was not intentional in that sense. Can I understand what the nature of your harmlessness argument is? So let's assume that the district court, and I know it didn't do this, but just to understand what your argument is, let's assume the district court found that it was an intentional comment on the failure to testify. You can win under harmless error review. That's our position. And just to understand, the harmless error review then is purely a record-based review, that there was sufficient evidence, sufficiently strong evidence, that it wouldn't have reasonably affected the trial? Well, it is based, but I would say, I would add a point to this which is important, which is it's deferential with respect to the district court's judgment of the effect of the instruction and the comment on the jury. Because this court has been very clear it's in the best position to say when the government said this, were the juries sleeping or were they paying attention? When the curative instruction was given, did they sit up and take notice or were they seemingly not paying attention to that? The district court does have the best position to judge whether it thought it had adequately addressed the issues such that any continuing taint was minimal in light of the evidence. And that's what the district court did, because it said it was focused on the effect of the statement and the effect of the curative instruction. Well, but the juries are often sitting there like a cipher, and you can't read their minds as to whether something's having an effect or not. I mean, I suppose if people went like that, you might have some idea. But that doesn't happen a lot during trials. A lot of the times they just sit there and you're left like looking at a Ouija board to figure out if something had the mistake. It is an established principle that there's a fair amount of deference in this judgment because of the view of the district court. It's not simply their reaction to the statement, but it's evaluation of the evidence as a whole, of the closing as a whole. What was the nature of it? You know, how was that heard? How was it said? But that cuts it. I mean, this was a dramatic, physically dramatic and emphasized presentation during the rebuttal. That's getting kind of up there. I guess I get a little concerned about if we assume this is intentional, then what your argument sort of leads us towards is saying this, that the prosecution can, in this rebuttal, intentionally end the rebuttal by saying, that guy doesn't dare to testify, and obviously the defendant will object at that point, and obviously the court will then give a curative instruction, and then we say the curative instruction took care of it. There's got to be more to it than that. Well, there's a few points. One is that it wasn't at the end, and I think that was pointed out. I mean, I understand that that's the argument that was made. This was a particularly dramatic moment. I do think that that's the thing that the district court is in the best position to evaluate. The defense, in fact, argues, and part of their argument why the curative instruction wasn't adequate, is that it actually happened four minutes before the end of the rebuttal. So there was time for whatever, you know, drama occurred to pass, and for that matter, for the defendant to argue if they wished that more was needed, that upon, you know, the end or conclusion of the rebuttal, they could have called a sidebar and said, you know, you're gone, you need to say more. Suppose, I guess I'm just trying to isolate, how strong do you think the record evidence has to be for us to find it harmless? Because you're not saying the curative instruction alone is enough, but you also aren't saying we ignore the curative instruction, we just look at the record evidence. So I take it if there was a case in which there was an intentional comment on the failure to testify and no curative instruction, but the evidence was overwhelming, you could still argue harmlessness. I mean, it's a three-part test. So what I'm trying to figure out is, here there was a curative instruction, and here we might be of the view that we have to assume that that curative instruction was given on the understanding that there was an intentional comment on the failure to testify. That takes us to the third problem, which is the evidence. How am I supposed to think about how strong that evidence has to be when there is a curative instruction? You seem to be saying less than it would have to be if there wasn't one, but still it's got to be pretty strong. So how strong is that? Well, I mean, the rule is it has to be such that the judge can not abuse its discretion in finding that whatever taint survived the instruction didn't affect the verdict. I mean, essentially that's the rule that this Court is applying, is that could the district court reasonably, and not abusing its discretion, have concluded that the instruction was enough in light of the strength of the evidence. So this is not harmless beyond a reasonable doubt? It isn't. And that's the important point. This is the test that the Court has used in preserved cases. So this is an implementation of the harmless beyond a reasonable doubt standard. The three-part test is not separate from, but it's the way the Court has described the way that- It's stronger than just abusive discretion in a sense, right? When we get to harmless, it's a constitutional error. We've got to decide that it's harmless beyond a reasonable doubt, which is usually pretty strong evidence, right? I mean, again, I'm reciting what the Court said in Rodriguez, but the Court, in cases where the objection was made and the harmless beyond a reasonable doubt standard is recited, it is still- Again, we're talking about this in the context of a motion for a new trial, which is traditionally reviewed under an abusive discretion standard. And I'm not aware of a case that says that it comes to a different standard simply because the nature of the issue raised in the motion for a new trial is of constitutional dimension. So I think we are still reviewing for abusive discretion, and we are still reviewing it as we've described, essentially in light of the evidence and the curative instruction taken together that the judge reasonably concluded as he did, and we think that that evidence was very strong in this case. And certainly sufficient that an isolated comment quickly corrected did not affect the verdict under the applicable standard. With respect to the other issues, with respect to the forfeiture issue, there's one point I just wanted to address briefly, which is on the statutory issue, which was the one that was discussed. I think that one- Probably our central point is that the rationale in this Court was suggested the rationale of the provision doesn't suggest that Congress was intending to draw a distinction between the provider of the services. The one case we point out, the Naccio case, was a slightly different context because the person there was actually seeking to get a credit on their taxes for insider trading. But that was an individual, and the Court found it very clear that it applied to him and prevented him from getting a credit on his taxes because it equally excluded from direct costs of the tax- It's not an offset for services, because as I understand it, let's assume he had a contract with the government to provide 100 apples, and he went out and bought the 100 apples for $100 and then gave them to the government and got $120 back. As I understand under the statute, he would be subject to forfeiture for $20. And similarly, if what he had done is sold the government some services to clean the windows on the government courthouse, and he went out and hired someone for $100 to clean that, and he charged the government with a markup of $120, he would be subject to a forfeiture for $20. What we seem to have here is that he went, instead of going out and getting someone else to clean the windows, he went and cleaned them himself, charged $120, and is now subject to a forfeiture of $120 in which no credit is given for the imputed cost of the lawful services which are normally to be subtracted. How does that make sense? Well, I think the court doesn't actually have to address this here. And what we point out is the district court on this issue, with respect to the entity issue, the court did reach a conclusion as to the issue. But on the issue with respect to the value of his work, what the court concluded by saying is, in the end, I don't have to decide this because the defendant didn't produce enough information, factual or legal basis, for me to conclude what the amount would be that I would give him a credit for. What is the value of his work? The evidence that was presented at the forfeiture hearing had something to do with the salaries paid to other people for their work. So in the end, the district court didn't wind up resolving the legal issue. And I think, for that reason, it's not before this court now as to whether, if on a proper record, the defendant had argued, these were my direct costs and provided a calculation the district court could rely on. Because right here, what we have is the district court's decision that it could not find in the defendant's favor on a factual basis. Is it plausible to say, as a factual matter, that it would be zero? Well, Your Honor, again, the district court couldn't find any number. And the legal issue, I think the court... Well, it found the number, in a way. Well, no, it found that there was no support for any number that it could make a finding. And a defendant has the burden of providing the evidence to create a number. If they don't provide the evidence the court can derive that number from, I think the court didn't explain at length why it believed it wasn't sufficient. But I think it was because it was based on the work of other individuals. And there was no attempt to draw a clear analogy to what this person's... the value of this person's work was. But there was no argument that his work was at least comparable to the work of those folks that he paid? I think that that was the suggestion. But, again, there was not reduced to dollars and cents. My recollection is that, essentially, that evidence was introduced without trying to say, you know, therefore you can find that his value would be this much or that much, you know. Did the record not show what the salaries of the other people were? It did. And was there a finding that that was an implausible amount to pay them? No, I mean, the district... So what's the basis for the district court's finding, then? Well, I think the district court's, again, the district court did not explain... You have a finding that X person has paid X amount, and you have an argument that Y person did at least as much as X. Wouldn't there have to be a finding that Y person didn't do at least as much as X, or a finding that I don't even credit X's amount, in order to say that Y gets zero? I mean, I think that we're sort of back in a little bit of the situation we were talking about earlier, where the district court didn't explain its reasoning exactly. Can we draw it that the district court said that I don't have enough here to find a supportable figure here? And now... Is the district court vacating it or not? Well, I think that's... You don't necessarily get a second bite at the apple. There's an opportunity to present the evidence that you think supports the results you want. But if we think there's enough evidence in the record, is vacating the proper solution? Well, I mean, I think it would have to be... It's a clear error of standard. This court would have to find that, you know, it was legally incorrect for the district court to find that there was not adequate evidence. But didn't the court say, Mr. Gorski, of course, is an individual. He acquired money, but he incurred no direct cost. He didn't have a sole proprietorship. It doesn't make any sense to be talking about direct costs in the context of an individual. That sounds to me not like he found there wasn't enough proof of how to value these costs, but rather the court presumed, which it felt simultaneously said he thought was unfair. No. But it felt that there was no role to even consider that. Your Honor, that's correct. That's what he says during the earlier part of the discussion. You know, I'm scrolling down, and I don't have the pages in front of me. When the court turns to the issue to make its ruling, it says, in the end, I find with respect to the value of the work that there simply hasn't been enough evidence, you know, factual or legal basis for me to find that I can and to make a finding on that matter. So you're correct. The court certainly discussed the issue and expressed concern about it, but in the end, I don't think the court reached a conclusion on that issue. Can I ask you about the two other forfeiture issues on taxes? Yes, Your Honor. If I were to think that an individual is not an entity, what would be your argument for why he has to forfeit the taxes? Well, I think one, Your Honor, has actually pointed out, which is that in providing the goods and services, arguably that falls out of that, because the overhead, which is the other exclusion that is part and parcel of the part about taxes, you know, could apply in providing the services, but taxes aren't, you know, in providing services. Why would you need to mention the taxes? That's just what's a little bit puzzling. If it falls out of it, then even if you didn't have that provision, you would just read, in providing the goods or services, couldn't possibly refer to taxes. Certainly. And you couldn't say that about overhead. Yes, Your Honor. But then there's a statute that seems to say, with respect to direct costs, we want to explain that neither overhead nor taxes are included, which sure sounds like the drafter of this thought, direct costs might include it. Right. And that's certainly, I think, you know, one could say that the drafting, it would be a little redundant. I mean, if you read the in providing goods and services, it sounds redundant. It's not redundant as to overhead expenses. Right. It's clearly right that the overhead expenses would be incurred in providing. Right. So you then have to read somehow, that part is an exception, the other part is only a clarification? Well, then you have the oddity that, with respect to entities, they would be treated differently vis-a-vis individuals as to overhead expenses but not as to taxes. Right. That seems like a very intricate thought process the drafter went through to be making that kind of fine distinction, whereas it's much more normal to just say, I think, maybe entities are just categorically going to be treated differently than individuals. And since we've included this last provision, maybe in providing the goods or services really is meant to make necessary an exception, if they want one, as to both overhead and taxes on the theory that they gave, which is in providing means in the necessary course of providing. This would be an expensive tradeoff. I think, you know, our view is that the, and Ron has said so as well, I think that it just doesn't make sense that there's no real suggestion, we think in the structure of the statute as a whole, that they were trying to distinguish between the provider of the services. I mean, certainly there's many corporate forms under which a service can be provided. But she gave, your quote, it gave one. Right. What's wrong with the one she gave for why you would want to treat them differently, which is that individuals can go to prison, individuals have livelihoods, businesses can fail and it's somewhat different than if they can't continue than if a person can't continue? I mean, there's lots of reasons to think we might treat. There's reasons, but again, those are well outside of the statutory. What I think is important to note is what we are talking about here is a provision that's defining the term proceeds. The overall, you know, section is what are the profitable proceeds? And then it goes on to define them. And it defines them with respect to this category, you know, lawful services unlawfully provided. It goes on to say that in that case, and defense counsel pointed out that this makes sense as well, that you would treat them a little bit differently because there is some reason to think that there was some benefit gained from it, so you're trying to separate them from the profits. But there's no suggestion in defining proceeds that those proceeds would, that the concept of proceeds is being discussed differently with respect to who provides the service. Except for the word entity. Well, except, but again, as we point out, the word entity is not an ironclad argument against including individuals. In fact, in various different statutory provisions, they're used to include individuals and sometimes it does not. Dictionaries sometimes include and sometimes does not. So the question that we think is best looked at at the level of what's the purpose of this? It's to define proceeds, to exclude direct costs, and it's to create a further exclusion from that exclusion for certain types of costs. And to say that in doing so, it was making also a leap entirely outside of that framework to distinguish by who provided the service, I just don't think there's a textual basis for that. Suppose you caught him and prosecuted him and got a forfeiture order before he had paid his income taxes. Then would he just owe the gross proceeds and be in a much better position than he is here? To be honest, I don't exactly know. I mean, how the tax laws interact with that is part of the issue that raised in the Naccio case, which is what happens if a person seeks a credit after the fact. It may be that timing matters just because of the interaction with the laws. But then that would be true with respect to entities and anything. The way the timing might work is not something we would call for deciding this one way or another in terms of the entity versus individual. If there aren't further questions on the other issues, we'll rest on our brief. Thank you. With respect to whether the district court found that it was an unconstitutional comment, I'd point the court to the addendum, page 15 of our brief, where the court said the statement was unfortunate and should not have been made. I did issue a curative instruction immediately. I don't even remember. I think there was an objection, but I issued it regardless, immediate. He couldn't even remember if there was an objection. He knew that that was an unconstitutional statement and so found. Having found that it's an unconstitutional statement, the standard of review is for harmless error. The government must prove beyond a reasonable doubt that it did not influence the jury's verdict. And that comes from- Do we have to find it's beyond reasonable doubt, or do we have to find there was no abuse of discretion by the district court judge in determining that it was beyond a reasonable doubt? The judge never particularly made that finding, Your Honor. On the abuse of discretion, I would point to the fact that the judge did say that the intent was irrelevant. Well, it's not irrelevant under the standard that this court has set. It's one of the three prongs. He did not make a finding about whether the evidence was overwhelming or not. He only considered, and that's the abuse of discretion, Your Honors. He only considered that he gave a curative instruction, and under the law that's not enough. With respect to the forfeiture issue, the district court clearly did not believe that salary was a direct cost, and so didn't parse through. On that point, the court found that a salary on the order of $100,000 to $120,000 would probably be a good measure. But then he said, I don't have any legal authority to support the theory. The defense counsel has not pointed me in the right direction or even raised this issue. Is that correct, that the issue of whether there should be an offset for his imputed salary was not raised before the court? We raised the issue of whether it should be an offset for his actual salary. Then we put in evidence of what his imputed salary could be. So what did the court mean when it said defense counsel has not pointed me in the right direction or even raised this issue? So I don't think under the circumstances I can discount his salary, although if we were talking about basic fairness here, I would do so. I think that the district court was saying that there was no authority to go to an imputed salary basis, which is true. So he thought as a matter of law he couldn't do that. Is that what you're saying? I believe he felt that as a matter of law he couldn't consider the salary or the imputed salary, which is why he was concerned about the fairness of it. Is the record going to show that you asked him to impute a salary lower than the salary he actually claimed to have received? Yes. The record will show that we put in evidence from... As an alternative, Your Honors. And again, just in closing, Your Honor, we care about the Constitution. We care about fair trials. We take away people's liberty and people's money, and you have to do it fairly. Thank you very much.